## IN THE MATTER OF THE ESTATE OF OLAF OMSTED, a Voluntary Bankrupt.

### DECIDED: FEBRUARY 25, 1902.

1. Under the provisions of Section 7, Subdivision "e." of the Bankruptcy Act of 1898, which provides that "claims of secured creditors may be allowed to enable such creditors to participate in the proceedings at creditors' meetings held prior to the determination of the value of their securities, * * * but shall be allowed for such sums only as to the courts seem to be owing over and above the value of their securities," the Referee in Bankruptcy has power to decide as to the value of the securities of any such creditor for the purpose of allowing the claim and permitting the creditor to vote at the first meeting of the creditors of the bankrupt.

2. The valuation placed by a Referee on claims held by a secured creditor of the bankrupt, in order to ascertain the amount for which said secured creditor may be allowed to vote at a first meeting of the creditors of a bankrupt, is not final.

3. Under General Order No. 21 of the General Orders in Bankruptcy of the Supreme Court of the United States, claims upon open accounts should contain an allegation to the effect that "no note has been received for such account, nor any judgment rendered thereon,' if it is a fact that no note has been received.

4. Where the United States District Court made an order of reference after an adjudication of the debtor as a bankrupt, ordering him to attend before the Referee on the 24th day of December, 1901, at 10 o'clock a. m., at his office in Hilo, and the Referee issued a subpoena before said day to the bankrupt ordering him to attend before him, and thereafter vacated the said subpoena before the day set for the bankrupt to attend before him; *Held*, that the Referee had no jurisdiction to issue the subpoena to the bankrupt before the said 24th day of December, 1901; the issuance of the same was unnecessary under the order of reference of the United States District Court, and the act of the Referee in afterwards vacating the same was proper.

IN BANKRUPTCY.    PETITION FOR REVIEW OF PROCEEDINGS OF REFEREE.

*Smith & Parsons*, for petitioning creditor.

*T. C. Ridgeway*, Referee, *in propria persona*.

Estee, J. After an examination of the certificate of the Referee in Bankruptcy at Hilo, upon the three points submitted to me for review, I find the following:

1. On the 2nd day of December, 1901, when I made the order of reference, after the adjudication of bankruptcy in the above entitled proceeding, the said Olaf Omsted, bankrupt, was ordered to attend before the Referee on the 24th day of December at 10 o'clock a. m. at his office in Hilo. Any further orders in relation to the attendance of said bankrupt before the Referee at the time indicated were unnecsesary, as it was assumed that the bankrupt would obey the order of this Court and attend before the Referee for the proper examination by his creditors on the day named. It is clear that under the language of the order of this Court referring this proceeding (and there being no special rule of this Court in relation thereto) the referee did not obtain jurisdiction over the bankrupt until after the said 24th day of December, 1901; that the issuance of the subpoena to the said bankrupt prior to that date was unnecessary and beyond the jurisdiction of the Referee, and his action in vacating the same was proper, although he should not have issued the subpoena in the first instance, as the vacating of the same doubtless misled the bankrupt into the belief that there was no necessity for him to obey the first order of this Court.

2. Upon the second proposition presented, namely, as to the allowance of the creditor, John W. Mason, to vote his claim at the first meeting of the creditors for only $1019.75, instead of for $3269.75, the amount claimed by said creditor should be voted, the Referee acted within his powers under the provisions of Subdivision e. of Section 57 of the Bankruptcy Law, which provides:

"That claims of secured creditors......may be allowed to enable such creditors to participate in the proceedings at creditors' meetings held prior to the determination of the value of their securities......but shall be allowed for such sums only as to the Courts seem to be owing over and above the value of their securities......"

The Referee having acted in the matter and decided as to the value of the securities for the purpose of permitting the creditor to vote at this meeting, and such action not being final as to the value of such securities for any other purpose, this Court will not interfere with such decision, and hereby confirms the action of the Referee.

3.    In reference to the allowance of the claims of M. Wachs, Hilo Wine and Liquor Co., J. D. Kennedy, Hawaii Herald Publishing Co., Ltd., and E. N. Holmes, the decision of the Referee was erroneous.    While it is true Form 31 of the "Forms in Bankruptcy" was followed in the preparation of said claims, yet as such claims all appear to be upon an open account, the claims in each instance should have contained an allegation to the effect that "no note has been received for such account nor any judgment rendered thereon," in order to make these claims conform to general order of the Supreme Court "General Orders" in Bankruptcy, if it is a fact that no note was received in each instance; and if a note was received, the allegation should be so modified as to state the facts and in accordance with Section 57 (b) of the Bankruptcy Law, the note should be filed with the proof.

The action of the Referee in regard to these claims is therefore disapproved, and a recommendation made that said claims be so amended as to conform to this decision.